# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:25-MJ-320-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM STANLEY, HEATHER MORROW, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Morrow's Rule 41(g) Motion To Return Vehicle Key & Rally Items" (Document No. 21) filed January 7, 2026.

By the instant motion, Defendant Heather Morrow ("**Defendant**") seeks the return of her personal property. (Document No. 21). Defendant contends that on November 16, 2025, Department of Homeland Security ("**DHS**") officers arrested her. (Id. at 1). Defendant claims DHS officers "moved Defendant's vehicle with her key and then promptly transferred Defendant and her personal property to [Federal Bureau of Investigation ("**FBI**")] agents." (Id.) Defendant represents defense counsel "coordinated with FBI agents the release of Defendant's personal property" to defense counsel. (Id.) However, FBI agents informed defense counsel "they did not have Defendant's vehicle key, so it would still be in possession of DHS agents." (Id. at 2). According to Defendant, FBI agents "confirmed that all personal property would be returned" and the Government returned Defendant's cellphone on November 22, 2025. (Id.) On November 21, 2025, defense counsel also learned "several rally items of Defendant were also missing." (Id.) Defense counsel "inquired about the missing rally items to the FBI agents, and they reiterated that DHS agents had transferred no additional property to the FBI." (Id.) Defense counsel received

1

the contact information for Steve Kemerling, Immigration and Customs Enforcement ("**ICE**") Assistant Field Office Director ("**Kemerling**"), who confirmed they had Defendant's bullhorn, two bowls, a spoon, and shower ring ("**the rally items**"). (Id.; Document No. 33-1, pp. 1–2). Defendant argues there is no warrant or criminal process for the vehicle or the rally items, Defendant is suffering prejudice because of her missing vehicle key, and defense counsel "requires the rally items for its case and the items' absence would result in irreparable prejudice." (Document No. 21, p. 3).

The Government filed a response (Document No. 31), after the Court ordered it to (Document No. 29). The Government claims "the United States does not possess the vehicle key or 'rally items' – a bullhorn, two bowls, a spoon, and a shower ring-type item[.]" (Document No. 31, p. 1). The Government represents "[t]horough searches have been conducted at the ICE facility, but no one has located them." (Id.) The Government states the "vehicle key will be returned . . . if it is located." (Id. at 2). The Government also argues if the rally items are found, they should not be returned, because they may be used as evidence as they are related to the criminal offenses charged. (Id.)

On February 26, 2026, the Court held a hearing and heard argument regarding this motion. (Minute Entry, Feb. 26, 2026). At the hearing, the Government represented Plaintiff's belongings cannot be located. The Government represented it would be willing to accommodate Defendant in her defense because of this, including, but not limited to, stipulating to the existence of Defendant's property and stipulating to the admissibility of any photographs of the rally items. At the hearing, Defendant represented she may file a discovery motion regarding this matter in the future.

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "[W]hile a criminal investigation is pending, the movant bears the burden of proving that they are entitled to lawful possession of the property." United States v. Salami, 2020 WL 6151098, at *2 (M.D.N.C. Oct. 20, 2020). Courts are not required to hold an evidentiary hearing under Rule 41(g), but they must "'receive evidence on any factual issue necessary to decide the motion[.]'" United States v. Warren, 2025 WL 1461821, at *2 (E.D. Va. May 21, 2025) (citing Fed. R. Crim. P. 41(g)). Courts may deny a Rule 41(g) motion "'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.'" United States v. Soza, 599 F. App'x 69, 70 (4th Cir. 2015) (per curiam) (citation omitted). "[T]he Government cannot return property it does not possess, and therefore a motion for the return of property must be denied if the Government does not have possession of the sought-after property." Bennett v. United States, 2012 WL 1752409, at *2 (N.D.W. Va. May 16, 2012).

There is no dispute that the vehicle key and the rally items belong to Defendant. Defense counsel communicated with Kemerling, who confirmed ICE had the rally items. (Document No. 33-1, p. 2). Kemerling also communicated to defense counsel that the vehicle key "might have been placed into the alien property and subsequently transferred to Georgia." (Id. at 4). Curiously, now though, the vehicle key and the rally items cannot be located.

Because the Government represents it does not have the vehicle key and the rally items, the Court must deny Defendant's motion. Bennett, 2012 WL 1752409, at *2. However, the Government, DHS, and ICE must continue searching for Defendant's property. The Court expects that the Government, DHS, and ICE will make every possible good faith effort to locate this

3

property. Also, Defendant may renew her motion at any time, and Defendant may bring any other motion(s) related to the vehicle key and the rally items.

**IT IS, THEREFORE, ORDERED** that "Defendant Morrow's Rule 41(g) Motion To Return Vehicle Key & Rally Items" (Document No. 21) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Government, DHS and ICE **SHALL** continue searching for Defendant's vehicle key and the rally items. The Government, DHS, and ICE **SHALL** search for Defendant's vehicle key and the rally items in Georgia and any other location where the vehicle key and rally items may be located. If the Government, DHS, or ICE locates the vehicle key and/or the rally items, the Government **SHALL** immediately notify the Court and Defendant.

**SO ORDERED**.

Signed: March 2, 2026

David C. Keesler
United States Magistrate Judge