UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-MJ-00320-MEO-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM STANLEY AND<br>HEATHER MORROW,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion for Judicial Notice. (Doc. No. 72). For the reasons set forth below, the Court will deny the motion. During the Court's August 12, 2026 pretrial conference, the Court ruled orally on pending motions, including Defendants' Motion to Dismiss Counts One, Two, and Three of Bill of Information. *See* (Doc. No. 80). In their motion, Defendants alleged the Government would be unable to prove that Mr. Stanley or Ms. Morrow entered federal property, a common element of Counts One, Two, and Three. The Court denied Defendants' motion, explaining that "whether the Defendants entered federal property" would ultimately be a factual question for the jury.

After the Court's ruling, Defendants moved the Court to "take judicial notice of 91 FR 2316-01, 'Rules and Regulations General Services Administration,' 41 CFR Part 102-74, published January 20, 2026, for purpose of its use as substantive evidence at a trial in this matter." (Doc. No. 72 at 1). In their reply brief in support of the motion, Defendants summarized the Court's ruling on the motion to dismiss as holding that "whether the property was 'Federal property' subject to these regulations

is a factual matter" for the jury. (Doc. No. 82 at 2).

Before ruling on Defendants' pending motion, the Court clarifies the scope of its prior ruling on Defendants' motion to dismiss. The Court will determine as a matter of law what constitutes federal property in this case. The jury will determine whether the Defendants did *willfully enter in and on* said property and engage in the conduct alleged by the Government. *See United States v. Perez*, 150 F.4th 237, 242 (4th Cir. 2025) ("[T]he government must prove to the factfinder that the defendant committed the offense at a particular location. But that location's jurisdictional status is a legal question for the court.").

In determining what constitutes federal property here, "the facts underlying that determination are legislative in nature." *See id.* "Thus, a court can judicially notice those facts to inform its legal determination about the jurisdictional status of a particular location." *Id.* As a result, the Court may judicially notice and consider 91 Fed. Reg. 2316-01 in making this determination. However, it need not be admitted into evidence. Furthermore, the United States is ordered to provide a full copy of the relevant lease to aid the Court in its federal property determination in this case.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Judicial Notice (Doc. No. 72) is **DENIED**; and the United States is **ORDERED** to provide a full copy of the relevant lease to the Court via email by 2 p.m. on Friday, August 28, 2026.

**SO ORDERED.**

Signed: August 27, 2026

Matthew E. Orso
United States District Judge